## SOUTHERN TRUST & SAFE DEPOSIT CO. v. YEATMAN.

### (Circuit Court, E. D. Pennsylvania. May 28, 1904.)

### No. 17.

1. CORPORATIONS—RATIFICATION OF UNAUTHORIZED CONTRACT—ESTOPPEL BY DELAY.

    Under the Maryland statute which provides that a corporation may accept property in payment for its stock, when previously authorized by the stockholders, where on its organization a corporation issued stock to defendant on a subscription by which it was to be in part paid for by stock of another corporation, and the company accepted the latter stock, had it transferred to its own name, pledged the same, and received dividends thereon, retaining it for two years, and until it had depreciated in value, it was a question for the jury whether or not its stockholders had not ratified the transaction, so as to bind the corporation, and estop it from thereafter repudiating the contract.

At Law. Sur motion for new trial.

John G. Johnson, for plaintiff.
George Wharton Pepper, for defendant.

BUFFINGTON, District Judge. This was an action by a corporation chartered by the state of Maryland to collect an alleged unpaid subscription to its capital stock. There is no allegation of insolvency, and the rights of creditors are not involved. The contract of stock subscription, dated April 19, 1901, on which the suit is based, is marked "Paid," and a cotemporaneous paper explains the mode of payment. This paper, signed by one Sherman, through whom the subscription was obtained, and who became the secretary of the plaintiff on its organization, later, and which witnessed the contract by which the subscription was made, recited payment of

---

the subscription in full by payment of $2,600 cash, and the balance in stock of the Monumental Savings Association. The certificates for this last stock were accepted by the plaintiff company in 1901, and a new certificate taken out by it, which it used as collateral to borrow money. It also received dividends thereon. Subsequently the plaintiff repudiated this arrangement, tendered back the stock of the Monumental Company, which had been depreciated in value, and in the fall of 1903 brought suit to recover the part of the subscription paid in stock; alleging that the payment of the subscription in stock was illegal, under the laws of Maryland. On trial the jury found in favor of the defendant, and a new trial is now moved for on several grounds; the substantial one being that the court should have given binding instructions for the plaintiff. No contention is made that the purchase by the plaintiff company of stock such as defendant paid his subscription in was not within its corporate power, or that the payment of a subscription in such stock was unlawful, if certain statutory requirements were followed. Such statutory provisions are found in sections 69 and 70 of article 23 of the Public General Laws of Maryland of 1903, vol. 1, p. 358, which are as follows:

"Sec. 69. Subscriptions to the capital stock of such of said corporations as have capital stock may be made in land or other property at a valuation agreed upon between the corporation and the subscriber, where the said property so subscribed shall be such as it is proper that the said corporation shall own for the advancement of the purposes for which it was incorporated, but such subscriptions shall not be otherwise received, nor shall they be so received unless the same shall have been previously authorized by the stockholders assembled in general meeting, pursuant to a call to consider the propriety of receiving the said subscription and of fixing the terms upon which it shall be received.

"Sec. 70. Where property of any kind is received by the authority of the stockholders in general meeting as aforesaid, in payment for stock, the books of the company shall be so kept as to show at all times fully what property was received for the said stock, at what value and the number of shares of the capital stock issued for the same; in all other cases money only shall be considered as payment of a subscription to any part of the capital stock."

After careful consideration, we are of opinion binding instructions were properly refused, and the case properly went to the jury on the question of ratification. An investment in the stock of the Monumental Savings Association by the plaintiff company was presumably "for the advancement of the purposes for which it was incorporated." Indeed, the proofs here are express that, as an investment, it served to bring dividends to the plaintiff, and enable it to borrow money. It was taken "at a valuation agreed upon between the corporation and the subscriber." The plaintiff corporation was therefore not doing an illegal or ultra vires act in taking this stock, provided it was sanctioned by the stockholders. We find no case in Maryland holding that ratification by stockholders is limited to the express mode pointed out by the statute. In this case there was evidence of the terms of the defendant's subscription being expressly called to the attention of the stockholders when they met to organize, and, indeed, to the important fact that no organization could be effected unless this subscription, to be paid in

part in stock, was accepted. There is evidence it was known later to other stockholders, and, in view of the fact that the company's management subsequently passed from the faction that took this subscription to the one now contesting it, a jury might well infer that stockholders' meetings were held, the old management voted out, the new voted in, and that this transaction was known generally. Indeed, under the proofs of the value of Monumental stock when it was taken by the company, its subsequent retention thereof, the use of it for collateral, and the acceptance of dividends upon it, we think, in view of its depreciation in value and the lapse of time, that there was evidence from which a jury might well find ratification by the stockholders. The case falls within the spirit of the law of ratification laid down in Salem Iron Co. v. Lake Superior Consol. Iron Mines, 112 Fed. 239, 50 C. C. A. 213, where the court said:

"Under this state of facts, we think the question of ratification was properly submitted to the jury. We think, also, it was proper to submit to the jury another aspect of this same question, viz., whether, with the knowledge shown to be possessed by all or nearly all the individual directors of the fact that this contract had been made, of its terms, and the circumstances surrounding it, the formal resolution of repudiation had not been too long delayed to be effectual for that purpose—in other words, that the board of directors had such knowledge of this contract that refusal for so long a period to disaffirm amounted to ratification."

We do not regard Baile v. Calvert College, 47 Md. 117, as ruling this case. There the subscription had not been paid, and the agreement remained unexecuted. When the subscriber was sued for the money which he had agreed to pay, he did not, and presumably could not, show that, to fulfill its purposes, the corporation had a right to acquire the land in which he sought to pay. Indeed, the later case of Weber v. Fickey, 52 Md. 516, would seem more applicable, where it was said:

"When the contract is executed by a transfer of the property and the issue of the stock, the corporation is estopped from setting up the invalidity of the contract. Oil Creek & Allegheny R. R. Co. v. Pennsylvania Transportation Co., 83 Pa. 160; East New York & Jamaica R. R. Co. v. Lightall, 5 Abb. Prac. (N. S.) 458; Smith v. Sheeley, 12 Wall. 358 [20 L. Ed. 430]."

On the whole, we think the case was properly submitted to the jury, and its verdict should not be disturbed. The motion for a new trial is refused.